*E-Filed 6/6/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES JOSEPH CARTER, | No. C 11-1242 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER TO SHOW CAUSE** |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The action was stayed at the request of petitioner while he exhausted his state law claims. Petitioner has filed an amended petition, and a motion to reopen the action and dissolve the stay (Docket No. 18). This motion is GRANTED. The stay is hereby DISSOLVED, and the action REOPENED. The Clerk is directed to reopen the action. The amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 2008, a San Mateo County Superior Court jury convicted petitioner of rape and attempted oral copulation. Consequent to the guilty plea, petitioner

No. C 11-1242 RS (PR)
SECOND ORDER TO SHOW CAUSE

was sentenced to 80 years-to-life in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated his right to due process by admitting evidence of prior sexual misconduct; (2) the trial court violated his right to due process by instructing the jury with CALCRIM No. 361; (3) there was cumulative error; (4) there was insufficient evidence to support his conviction for attempted oral copulation; and (5) the length of his sentence violates the Eighth Amendment. Liberally construed, these claims appear to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk is directed to reopen the action and to terminate Docket No. 18.

9. The Clerk is also directed to name Gary Swarthout as sole respondent in this action.

**IT IS SO ORDERED**.

DATED: June 6, 2012

RICHARD SEEBORG
United States District Judge